**COSTELLO et al. v. ISRAEL.**
No. 3438.

District Court, D. Massachusetts.
March 25, 1932.

Perley H. Plant, of Providence, R. I., and James R. Hodder, of Boston, Mass., for plaintiff.

Nathan Heard, of Boston, and Leo H. Tracy, of Salem, Mass., for defendant.

BREWSTER, District Judge.

In this bill of complaint the complainant alleges infringement of letters patent No. 1,-753,310, covering an improved exercising ball and support therefor, adapted for use for exercising purposes and for training in boxing, tennis, etc. The defenses are noninfringement and public use and sale more than two years prior to the application.

### Statement of Facts.

1. Letters patent No. 1,753,310, issued April 8, 1930, to the complainant upon his application filed January 3, 1929. The patent related to a device which comprised the following elements: (a) A strap or other flexible head band secured to the head of the user, (b) a supporting strip secured to the head band, and (c) a longitudinal extensible member having one end secured to the supporting strip and the other end to an inflated ball.

Claims 5, 6, and 7 are the claims relied upon in this suit. Claim No. 6 is sufficiently illustrative and is as follows: "6. In an exercising device of the character described, a strap member adapted to be secured to the head of the user above the eyes of the user, a longitudinally extensible elastic member, means for connecting the strap member with one end of the longitudinally extensible elastic member in such a manner that one end of said longitudinally extensible elastic member will be located in close proximity to said strap member, and an inflated ball secured to the opposite end of said longitudinally extensible elastic member whereby when the in-flated ball is struck by the user the force exerted thereon is expended substantially entirely in effecting longitudinal elongation of said elastic member and the contraction of said elastic member following such elongation tends to return the inflated ball substantially toward the face of the user and along the line of sight of the user."

According to all three claims, either the head band is to be located above the eyes or one end of the elastic extensible member is anchored to the head band at a point above the eyes.

2. The patent has been declared valid in the District Court for the District of Rhode Island and the District Court for the Eastern District of New York. Both of these proceedings seem to have been one-sided affairs. In any event, this defendant Israel, who manufactured the alleged infringing article, did not take upon himself the defense of these suits. Consequently, this is the first time that the validity of the patent has been really questioned or the infringement denied.

3. Prior patents cited, which show somewhat similar apparatus for exercising in training athletes for boxing, included No. 1,-049,835 to Finney January 7, 1913, and No. 1,753,309, dated April 8, 1930, issued to this complainant. These patents do not anticipate but do operate to limit the scope of the patent in question. The patent to Finney involved a ball attached to an apparatus fastened about the neck and shoulders of the user. In the earlier patent to the complainant the ball was suspended from a rod, or supporting arm, which had one end attached to the head band. The complainant's patent, therefore, cannot be regarded as a pioneer patent, but rather an improvement upon devices which had previously been patented.

4. There was evidence tending to show that the respondent had manufactured and sold, prior to January 3, 1927, punching balls and attachments similar in form to that disclosed in the patent and which embodied all the elements of complainant's alleged invention. This evidence was largely oral and came from the respondent himself and those closely associated with him. Although he claimed to have manufactured and sold such devices in quantities, he produced no records of any kind to show the sale of a single device prior to 1927, and some of the exhibits introduced in evidence from their appearance would seem to have been made within a comparatively recent period. There was unimpeachable evidence supported by book entries that, as early as September 1, 1925, the

respondent had obtained dies which were designed to cut out of leather the strap on the back of the band entering the buckle and a reinforcing piece to which one end of the elastic member was attached. I might find that the respondent was equipped to manufacture a head band such as he introduced in evidence as Exhibit "D," which embodied all the features of the patentee's contrivance, accomplishing the same result in precisely the same way with the elastic member anchored above the eyes of the user, but the evidence does not satisfy me beyond a reasonable doubt that there was public use or sale of this contrivance which would defeat the patent. The only evidence of an actual sale was the testimony of witnesses who, other than the respondent, were not positive as to dates. If the article was manufactured and sold in any quantity whatever, there would be some explanation for the failure of the defendant to produce records or book entries or other documentary evidence of such sale or use other than a carbon copy of a letter written by him, the receipt of which was denied. On all the evidence I do not think the respondent has sustained the heavy burden which rests upon him to show that the patent is invalid by reason of prior use or sale.

5. I find that, since the date of the complainant's patent, the respondent has not manufactured or sold any device involving a punching ball attached by an elastic member to the user, except two devices, one of which fastens about the chest of the user and which, the complainant concedes, does not infringe. The other device consists of a wide piece of leather to which tapes are fastened at each end to be tied about the head. The leather portion is in the shape of a mask, having two holes protected by wire screens for the eyes. The elastic extension member is anchored to the leather portion at a point between and a little below the eyes. When this mask is fastened about the head the leather portion comes above the eyes and across the forehead, but the rubber cord or band connected with the ball is not secured to the head band at a point above the eyes, nor does the head band have a supporting strip. This device, the complainant contends, is an infringing device.

## Conclusions of Law.

I have found that the complainant's patent was not a pioneer patent, that the idea of a ball for exercising purposes attached to the person of the user was not new. The novelty of the invention consisted of the particular apparatus shown in the drawings and specifications and claims of the patent. All of these show that the punching ball, or whatever is fastened at the outward end of the elastic member, is connected by means of the elastic member to the forehead of the user at a point above the eyes. I can find no warrant for broadening the scope of the patent to include the respondent's mask. The latter does not embody the element of novelty which the complainant's patent protected.

I rule that the defense of prior use and sale two years prior to the date of complainant's application for patent has not been sustained, and that complainant's patent is valid.

I rule further that, since the date of the patent, the defendant has manufactured and sold no infringing apparatus. An appropriate decree may be entered accordingly.